UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PLAINTIFF,<br><br>v.<br><br>SAMIR GHOSN, individually, and THE CHATEAU OF LAWTON, INC., a corporation,<br><br>    DEFENDANTS. | CIVIL ACTION NO. CIV-19-242-HE<br><br><br><br><br><br>COMPLAINT |

      Plaintiff, R. Alexander Acosta, Secretary, United States Department of Labor, brings this action under Sections 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA" or "the Act") to enjoin Defendants from violating the provisions of sections 6, 7, 11, and 15 of the FLSA, 29 U.S.C. §§ 206, 207, 211 & 215, and to restrain Defendants from withholding payment of minimum wage and overtime compensation due Defendants' employees, named in Exhibit 1, for the period of time between December 5, 2015, to the date of judgment, together with an equal additional amount as liquidated damages. In support thereof, Plaintiff states as follows:

### THE PARTIES

      1.      Plaintiff R. Alexander Acosta is the Secretary of Labor, United States Department of Labor, and is authorized to enforce the provisions of the FLSA, and to recover back wages and seek injunctive relief on behalf of employees employed in violation of the minimum wage, overtime, and record keeping provisions of the FLSA. 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(5), and 217.

      2.      Defendant The Chateau of Lawton, Inc. ("Chateau") is an Oklahoma corporation

that operates an assisted living facility in Lawton, OK, within the jurisdiction of this Court.

3. Defendant Samir Ghosn, an individual, resides in Oklahoma, within the jurisdiction of this Court, and at all times hereinafter mentioned was the owner of Defendant Chateau of Lawton, Inc. Defendant Ghosn acted directly or indirectly in the interest of the corporate Defendant in relation to its employees by setting policies and procedures, making hiring, firing, discipline and compensation decisions, and managing the day-to-day operations of the company. Samir Ghosn is an employer as defined in §3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331 and 1345.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 insofar as the individual Defendant resides in this Judicial District and the corporate Defendant operates an assisted living facility in this Judicial District.

## FLSA STATUTORY COVERAGE

6. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that they have employees engaged in commerce and employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that they have an annual gross volume of sales made or business done of not less than $500,000.

7. At all times hereinafter mentioned, Defendants were engaged in the operation of an institution primarily engaged in the care of the sick and/or aged who reside on the premises of such institution under Section 3(s)(1)(B).

8. At all times hereinafter mentioned, Defendants and related entities also operate as an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r). Defendant Ghosn owns and operates Defendant Chateau, as well as several other entities, including: Promisecare Hospice, Inc., Quantum Health Care, Inc., Brookridge, Inc., and Healthcare Management Group of Lawton. These entities are engaged in the performance of related activities for a common business purpose by providing services to the aged and infirm, and there is common control through Defendant Ghosn who makes all policy, procedure, payroll, and personnel decisions for all of the companies. Additionally, there is a unified operation using the same facility, personnel, supplies, and management.

## BACKGROUND

9. Plaintiff investigated Defendant Ghosn's Brookridge assisted living facility in 2011. As a result of that investigation, Plaintiff discovered overtime violations related to automatic meal deductions for meal periods when employees were not relieved from duty. Defendant Ghosn agreed to pay back wages to his employees a result of the violations. He also agreed to future compliance with the FLSA.

10. Plaintiff opened the investigation of Chateau, which is the subject of this lawsuit, in August 2017.

## MINIMUM WAGE VIOLATIONS

11. Plaintiff's second investigation revealed that Defendants willfully violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206, 215(a)(2) by employing certain of their employees in an enterprise engaged in commerce without compensating said employees wages at rates not less than the federal minimum wage. Defendants violated the minimum wage requirements of the FLSA by improperly classifying an employee as exempt who

did not meet the minimum weekly threshold of $455.00 for a salaried employee. Based on the number of hours worked by this employee, the hourly rate was below minimum wage.

12. Defendants' violation of the minimum wage requirements of the FLSA was willful. Plaintiff explained to Defendants the FLSA's requirements, including Defendants' obligation to comply with the FLSA's minimum wage provisions, after the first investigation. Under 29 U.S.C. § 255(a), a three-year statute of limitations period applies due to the willful nature of the violations.

## **OVERTIME VIOLATIONS**

13. The second investigation also revealed that Defendants willfully violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2) by employing certain of their employees in an enterprise engaged in commerce without compensating said employees overtime wages for hours worked in excess of forty (40) hours in a workweek. Defendants violated the FLSA's overtime provisions by: (i) making improper deductions for hours worked for meal periods that were routinely interrupted; (ii) misclassifying non-exempt employees as exempt and paying straight time for overtime hours worked; (iii) improperly converting hours worked to decimals on payroll (which resulted in shorting employees' hours); and (iv) failing to included non-discretionary bonuses into employees' regular rates. Defendants also would occasionally neglect to change the overtime rate of pay when employees received a raise. This resulted in underpayments of overtime.

14. Defendants' violation of the overtime requirements of the FLSA was willful. Plaintiff explained to Defendants the FLSA's requirements, including Defendants' obligation to comply with the FLSA's overtime provisions, after the first investigation. Under 29 U.S.C. § 255(a), a three-year statute of limitations period applies due to the willful nature of the violations.

## RECORD KEEPING VIOLATIONS

15.     Defendants, employers subject to the provisions of the FLSA, willfully violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep or preserve accurate records of hours worked by non-exempt employees. In addition, posters were not displayed at the workplace as required by the FLSA.

## PRAYER FOR RELIEF

16.     As a result of the violations alleged above, unpaid minimum wage and overtime compensation is owing from Defendants to certain of Defendants' present and former employees including but not limited to those persons specifically named in Exhibit 1, and incorporated herein by reference December 5, 2015 to December 1, 2017.

17.     Inasmuch as the violations continued after Plaintiff's investigation, additional amounts for unpaid minimum wage and overtime compensation accruing for certain of these employees and for employees who are not presently known to Plaintiff in amounts presently unknown to Plaintiff from December 2, 2017 to the present.

18.     Defendants have violated the FLSA.  An order enjoining the alleged violations and restraining the withholding of unpaid minimum wage and overtime compensation found to be due the employees is specifically authorized by section 17 of the FLSA, 29 U.S.C. § 217. In addition, a judgment for liquidated damages, in an amount equal to the unpaid minimum wage and overtime compensation, is specifically authorized by section 16 of the FLSA, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants

as follows:

A.  For an order pursuant to section 17 of the FLSA permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA;

B.  For an order pursuant to section 16(c) of the FLSA requiring Defendants to pay Plaintiff a sum equal to the unpaid minimum wage and overtime compensation due Defendants' employees for the periods from December 5, 2015 to December 1, 2017; and such additional amounts as may be found by this Court to be due for the period from December 2, 2017, until the date of judgment; and for equal additional amounts as liquidated damages;

C.  In the event liquidated damages are not awarded, an order pursuant to section 17 enjoining and restraining Defendants from withholding payment of unpaid minimum wage and overtime compensation due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

D.  A monetary award to Plaintiff for the costs of this action; and

E.  Such other and further relief as this Court deems just and appropriate.

Dated this 14th day of March, 2019.

Respectfully submitted,

Kate O'Scannlain, Solicitor of Labor
James E. Culp, Regional Solicitor
John Rainwater, Associate Regional Solicitor
Lydia Tzagoloff, Wage Hour Counsel

*/s/ Karen E. Bobela*
_____
Karen E. Bobela, Trial Attorney
United States Department of Labor
Attorneys for Plaintiff